# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN L. EUBANKS,

     Plaintiff,

 v.                                      Case No. 25-CV-628

JESSICA HOSFELT, *et al.*,

     Defendants.

## ORDER

On February 5, 2026, the defendants filed a motion to dismiss due to *pro se* plaintiff Shawn L. Eubanks's failure to prosecute and failure to appear at his deposition. (ECF No. 20). The defendants state they served Eubanks with a notice of deposition via First Class mail on January 8, 2026 at Eubanks's listed address on the docket in Janesville, Wisconsin. (*Id.* at 2.) The notice informed Eubanks that the deposition would take place via Zoom on February 2, 2026. (*Id.*) On January 23, 2026, the notice of deposition was returned to the defendants in its original envelope marked "return to sender, not deliverable as addressed, unable to forward." (*Id.*)

A paralegal for the defendants located a new address for Eubanks at a Motel 6 in Janesville and resent the notice on January 26, 2026. (ECF No. 20 at 2-3.) The date for the deposition was still February 2, 2026. (*Id.* at 3.) Eubanks did not appear for the deposition on February 2, nor did he contact either the defendants' lawyer or paralegal. (*Id.*)

On February 6, 2026, the court sent Eubanks a copy via mail of its text only order staying the case deadlines pending resolution of this motion. The mail was returned as undeliverable. (ECF No. 22.) The court's deputy clerk noticed that Eubanks updated his address in another case in this district, 25-cv-438, and sent the text only order to that address. Because there was an updated address, the court gave Eubanks one final opportunity to explain his absence from his deposition and indicate his willingness to continue with this case. Eubanks needed to file a letter explaining why he missed his deposition and indicating that he wants to proceed with this case by April 20, 2026. The court warned Eubanks that failure to do so by the deadline would result in the court granting the defendants' motion to dismiss for failure to prosecute and participate in a deposition. (ECF No. 23.)

The April 20, 2026, deadline has passed and the court has not heard from Eubanks. As such, the court grants the defendants' motion to dismiss.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss for failure to prosecute (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able

2

to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of May, 2026.

STEPHEN DRIES
United States Magistrate Judge

3